UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN C. SINGH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COUNTY OF HENDRICKS, INDIANA )<br>Municipality, )<br>)<br>Defendant. ) | No. 1:24-cv-01077-TWP-TAB |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

This matter is before the Court for screening of the Complaint. On June 17, 2024, *pro se* Plaintiff Kevin C. Singh ("Mr. Singh") initiated this action by filing a fill-in-the-blank Complaint for Violation of Civil Rights against Defendant the County of Hendricks, Indiana ("Hendricks County" or the "County") (Dkt. 1). Mr. Singh did not pay the filing fee or a motion for leave to proceed *in forma pauperis*. On July 10, 2024, the Court directed Mr. Singh to either pay the filing fee or file the necessary motion to proceed *in forma pauperis* (Dkt. 7). On July 19, 2024, Mr. Singh paid the filing fee and in this Entry, the Complaint is screened.

**I.     DISCUSSION**

**A.     Screening**

Although Mr. Singh has paid the filing fee,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**B.    Mr. Singh's Complaint**

Mr. Singh's claims arise from an Indiana state court criminal action. Based on the allegations in the Complaint, it appears that the action at issue was filed in the Hendricks Superior Court 5, titled *State of Indiana v. Kevin Singh*, No. 32D05-2312-F6-001180 (the "Criminal Case").[1] The Complaint alleges that on November 14, 2023, Angela Jenkins ("Ms. Jenkins") filed a report with a Hendricks County police patrolman claiming that she saw Mr. Singh on her security camera at her residence on the morning of November 8, 2023 (Dkt. 1 at 4). The patrolman stated in a

---

[1] Based on public state court records, Mr. Singh has been charged with invasion of privacy in several other actions, including a pending criminal action in Hendricks County involving Ms. Jenkins. *State of Indiana v. Kevin Singh*, No. 32D05-2403-F5-000054 (Hendricks Sup. Ct. 5 Mar. 20, 2024).

probable cause affidavit[2] that Ms. Jenkins recognized Mr. Singh by his "gait," and that she "would attempt to send over the video footage of the incident so it can be entered into evidence but [had] not done so" as of the date of the affidavit. *Id.* On December 19, 2023, the state court issued a no-bond arrest warrant on two counts of invasion of privacy. *Id.*

Mr. Singh surrendered himself to the Hendricks County Jail and posted bond for his release. *Id.* On December 29, 2023, the state court ordered that discovery be made in the Criminal Case. *Id.* On February 13, 2024, Mr. Singh's attorneys filed a motion to compel specific discovery, which the prosecution produced on February 15, 2024. *Id.* However, the February 15, 2024 production "omitted the security video footage central to the charges (and exculpatory), strongly implying that the 'evidence' had not been reviewed prior to the arrest." *Id.* On February 20, 2024, the prosecutors stated via email that they would attempt to obtain the surveillance footage, and on February 26, 2024, Ms. Jenkins was deposed. *Id.* On February 27, 2024, Mr. Singh was provided a "heavily-edited, non-descript video," but as of the date of his Complaint, he has not received Ms. Jenkins' surveillance camera footage. *Id.*

The Complaint does not allege the outcome of the Criminal Case, but the public docket shows that the case was tried by a jury on May 13, 2024. Mr. Singh was acquitted of one count of invasion of privacy, and the other count was dismissed.[3]

Mr. Singh asserts claims for wrongful arrest, malicious prosecution, ineffective police training, negligence, and defamation. *Id.* Mr. Singh states he "was denied employment due to these 'recent and ongoing charges' that are readily and permanently viewable on public forum." *Id.* He

---

[2] The Complaint does not specify where the patrolman made these statements, but the Complaint quotes the probable cause affidavit. Probable Cause Affidavit, *Singh*, No. 32D05-2312-F6-001180 (filed Dec. 19, 2023). Orders that have been entered by a state court are public records and "appropriate subjects of judicial notice." *In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018).

[3] Jury Trial Order, *Singh*, No. 32D05-2312-F6-001180 (dated May 14, 2024).

alleges he has suffered lost income, inability to work, humiliation, and post-traumatic stress disorder. He seeks $750,000.00 in damages. *Id.*

C.   **Dismissal of the Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court will first address general deficiencies in Mr. Singh's claims against Hendricks County before discussing additional deficiencies in his specific federal claims, and then the Court will explain why it lacks subject matter jurisdiction over Mr. Singh's remaining state law claims.

1.   **Claims Against Hendricks County**

It is well established that a governmental entity, like Hendricks County, cannot be held liable under Section 1983 for an injury inflicted solely by its employees. *Monell v. Dep't of Soc.*

4

*Servs.*, 436 U.S. 658, 691 (1978). To allege a Section 1983 claim against a governmental entity under *Monell*, a plaintiff must plead not only that his rights were violated but also that the municipal defendant was the "moving force" behind his constitutional injury. *Id.* at 691–95. The "moving force" requirement is shown through (1) the existence of an express municipal policy that caused the alleged constitutional violation, (2) the person who committed the constitutional violation was a public official with final policymaking authority, or (3) the existence of a pattern, practice, or custom that was so widespread or persistent that it rises to the level of a municipal policy. *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994).

Based on the allegations in the Complaint, the Court is not able to infer that the County was the "moving force" behind Mr. Singh's alleged injuries. The Complaint does not, for example, identify any policy, pattern, practice, or custom that allegedly caused Mr. Singh to be deprived of any constitutional rights. As a result, he cannot establish *Monell* liability against the County.

Mr. Singh's claim for "ineffective police training" must be dismissed for the same reason. The County cannot be held liable for failure to train officers based solely on the misconduct of individual officers. To assert his claim for failure to train, Mr. Singh must allege that the County knew its officers were wrongfully investigating and/or arresting individuals and, by failing to train them, demonstrated deliberate indifference to that known risk. *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

There is no plausible basis for holding the County liable under *Monell* or *Canton*, so Mr. Singh's constitutional claims against the County must all be **dismissed**.

2. **Specific Federal Claims**

Even if the Complaint adequately alleged *Monell* liability, Mr. Singh's claims would be subject to dismissal for additional reasons. The Court will address each claim in turn.

### a. Wrongful Arrest

Mr. Singh's wrongful arrest claim appears to be barred by the existence of probable cause. "Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id.* The December 19, 2023 Order in the Criminal Case[4] shows that the state court found probable cause for Mr. Singh's arrest and prosecution. Indiana courts have held that a judicial determination of probable cause in a criminal action constitutes *prima facie* evidence of probable cause in later civil litigation. *Glass v. Trump Ind., Inc.*, 802 N.E.2d 461, 467 (Ind. Ct. App. 2004). For that reason, Mr. Singh's false arrest claim must be **dismissed**.

### b. Malicious prosecution

"To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014) (citations omitted). The Complaint does not satisfy the third element; it does not allege that Mr. Singh was deprived of liberty. "Malicious prosecution is not by itself an infringement on the constitutional right to due process under the Fourteenth Amendment. It must also be based on a separate deprivation of a constitutional right." *Welton*, 770 F.3d at 673–74 (citations omitted). Mr. Singh does not identify a specific constitutional right that was infringed by his prosecution in the Criminal Case.

Allegations that the Criminal Case was instituted without probable cause are not enough. The Seventh Circuit has repeatedly held that "individuals do not have a federal right not to be

---

[4] Order Issuing Arrest Warrant, *Singh*, No. 32D05-2312-F6-001180 (Hendricks Sup. Ct. Dec. 19, 2023).

summoned into court and prosecuted without probable cause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011); *see Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013) (re-emphasizing that "there is no such thing as a constitutional right not to be prosecuted without probable cause"); *Welton*, 770 F.3d at 674; *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010).

But even if Mr. Singh did identify a specific constitutional deprivation, his claim still does not satisfy all the elements of a state law claim for malicious prosecution. The elements of malicious prosecution under Indiana law are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009). Mr. Singh does not satisfy the second element (malice) or third element (lack of probable cause). The Complaint does not allege that the Criminal Case was instituted with malicious intent, and the state court's December 19, 2023 Order creates a presumption that probable cause existed.

Because Mr. Singh's malicious prosecution claim does not allege the deprivation of a specific constitutional right or satisfy the elements of a state law claim for malicious prosecution, this claim must be **dismissed**.

    c. **Negligence**

Allegations of negligence are not sufficient to state a constitutional claim under Section 1983. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018); *Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (stating neither negligence nor a violation of state law provides a basis for liability under § 1983). Mr. Singh's negligence claim under Section 1983 must therefore be **dismissed**.

7

### d. **Defamation**

Mr. Singh alleges he had been defamed and suffered humiliation because the charges in the Criminal Case appear permanently on the state court's online docket (Dkt. 1 at 4). "Defamation alone . . . is not something that is ordinarily cognizable under § 1983." *Pitts v. City of Kankakee*, 267 F.3d 592, 596 (7th Cir. 2001). But even if Mr. Singh could sue Hendricks County for defamation under Section 1983, his defamation claim must be dismissed for two reasons. First, the fact that Mr. Singh was charged in the Criminal Case is true, and truth is an absolute defense to defamation. *Gatto v. St. Richard School, Inc.*, 774 N.E.2d 914, 924 (Ind. App. 2002). Second, statements made during judicial proceedings cannot give rise to a defamation claim. *Van Eaton v. Fink*, 697 N.E.2d 490, 495 (Ind. Ct. App. 1998) ("Absolute privilege provides judges, attorneys, parties and witnesses in connection with a judicial proceeding, immunity from liability even if they publish defamatory material with an improper motive."). Accordingly, Mr. Singh's defamation claim must be **dismissed**.

### 3. **Remaining State Law Claims**

For all of the above reasons, Mr. Singh's Complaint does not allege a plausible Section 1983 claim against Hendricks County. Without any viable federal claims, Mr. Singh is left with only state law claims. For a federal court to hear a case with only state law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present. However, Mr. Singh has not adequately alleged diversity of citizenship. Based on his address, Mr. Singh appears to be an Indiana citizen. Hendricks County is also an Indiana citizen for purposes of jurisdiction. Diversity does not exist, so the Complaint is subject to dismissal for lack of subject-matter jurisdiction.

### D. **Opportunity to Show Cause**

If Mr. Singh elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal

Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Mr. Singh claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## II.    CONCLUSION

Having screened the Complaint, the Court finds this action is subject to dismissal for lack of jurisdiction. Mr. Singh is granted leave to file an amended complaint by no later than **Friday, September 6, 2024**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date: 8/2/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN C. SINGH
9804 Legends Creek Dr.
Apt. 102
Indianapolis, IN 46229